# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SCHNEIDER, and All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>   vs.<br><br>BISHOP, WHITE, MARSHALL & WEIBEL, P.S.,<br><br>                                    Defendant. | CASE NO. 12cv1998 JM(DHB)<br><br>ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; GRANTING MOTION TO DISMISS FOR IMPROPER VENUE |

Defendant Bishop, White, Marshall & Weibel, P.S. ("Defendant") moves to dismiss the complaint for lack of subject matter jurisdiction and for improper venue and to strike the class allegations. Plaintiff Steven Schneider opposes all motions. Pursuant to Local Rule. 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to dismiss for lack of subject matter jurisdiction but grants the motion to dismiss for improper venue. The Clerk of Court is instructed to close the file.

## BACKGROUND

On August 13, 2012, Plaintiff commenced this action pursuant to 28 U.S.C. §1332(d)(2), the Class Action Fairness Act ("CAFA"), alleging two state law causes of action for violation of Penal Code §632 and negligence. Plaintiff, a citizen of California, alleges that Defendant is incorporated in Washington State, maintains its principal place of business in that state, and does business in the state of California. (Compl. ¶ 3). Defendant is a law firm. (White Decl. ¶1).

1   Plaintiff's claims arise from a telephone call from Defendant to Plaintiff "about an alleged debt
2   that Defendant was attempting to collect from Plaintiff." (Compl. ¶10). During the June 20, 2012
3   conversation, the parties discussed "highly personal and private financial information that Plaintiff had
4   not openly discussed with others." (Compl. ¶11). Unbeknownst to Plaintiff, Defendant recorded the
5   conversation. (Compl. ¶12). Plaintiff was not informed of Defendant's policy to record all
6   conversations until he asked whether the telephone calls were recorded or monitored. (Compl. ¶15).

8   In broad brush, Plaintiff alleges that he and the class he seeks to represent, consisting of all
9   California residents who had their telephone conversations monitored by the Defendant without their
10  consent, are entitled to recover statutory or actual damages under Cal. Penal Code §632. (Compl.
11  ¶¶31-40). With respect to the negligence claim, Plaintiff alleges that Defendant "negligently and
12  recklessly" engaged in eavesdropping, thereby violating Plaintiff's right to privacy.
13  Defendant moves to dismiss the complaint for lack of subject matter jurisdiction or,
14  alternatively, to dismiss for improper venue and to strike the class action allegations. Plaintiff opposes
15  the motion.

16  **DISCUSSION**

17  **Subject Matter Jurisdiction Under CAFA**

18  Defendant contends that it "is incorporated in California, White declaration at ¶9, Ex. 3,"
19  (Motion at p.11 at 15-16), and therefore the court lacks diversity jurisdiction over the action under
20  CAFA because both parties are citizens of the same state. Based upon the evidence submitted by
21  Defendant, the argument is devoid of merit.

22  Under CAFA, the court possesses original jurisdiction where the amount in controversy
23  exceeds $5,000,000 and "any member of a class of plaintiffs is a citizen of a State different from any
24  defendant." 28 U.S.C. §1332(d)(2)(A). For diversity purposes, a corporation is a citizen of its state
25  of incorporation and its principal place of business. 28 U.S.C. §1332(c)(1). Plaintiff alleges that
26  Defendant is incorporated in Washington State and maintains its principal place of business in that
27  state. (Compl. ¶3). These allegations establish the minimal diversity required by CAFA.
28  Even though subject matter jurisdiction may never be waived and is always subject to attack,

<u>Attorneys Trust v. Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996), Defendant's showing is woefully inadequate. In its brief, Defendant purports to make an evidentiary showing that it "is incorporated in California." (Motion at p.11 at 15-16). However, the White Declaration relied upon for this evidentiary showing does not establish that Defendant is incorporated in California. Rather, the White declaration simply states that Defendant "is registered as a California corporation." (White Decl. ¶9). Notably, the supporting exhibit simply evidences the name change of a Foreign Corporation from Bishop, White & Marshall, P.S. to Bishop, White, Marshall & Weibel, P.S. The exhibit, issued by the California State Secretary of State, notes that Defendant is "a corporation organized and existing under the laws of Washington." (White Decl. Exh. 3). While Defendant is licensed to do business in California, the exhibit establishes that Defendant is incorporated in Washington State, and not California.[1] This evidence is directly contrary to Defendant's erroneous assertion in its brief that "it is incorporated in California." Accordingly, Defendant fails to undermine the complaint's allegations that CAFA subject matter jurisdiction is appropriate.

In sum, the court denies the motion to dismiss for lack of subject matter jurisdiction.

**The Venue Motion**

Plaintiff alleges that venue is appropriate under 28 U.S.C. §§1391(b) and 1441(a). (Compl. ¶4). At the outset the court notes that the removal statute, 28 U.S.C. §1441(a), does not apply as this action was originally filed in this court. Applying the general venue provision relied upon by Plaintiff, the court concludes that venue is improper in this judicial district. As no prejudice appears to arise from the dismissal of the action, the court dismisses the action without prejudice rather than transferring the action pursuant to 28 U.S.C. §1406.

Under the general venue statute, 28 U.S.C. §1391(b), venue is proper (1) in the judicial district where Defendant resides; (2) in the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred;" or (3) if there is no district in which an action may otherwise be brought, the judicial district in which Defendant is subject to the court's personal

---

[1] In its moving papers, Defendant does not argue that it maintains its principal place of business in California.

jurisdiction. 28 U.S.C. §§1391(b)(1) - (3). In this circuit, the term "resides" is not synonymous with citizenship. <u>Arley v. United Pacific Ins. Co.</u>, 379 F.2d 183, 185 (9th Cir. 1967). Under this view, venue under 28 U.S.C. §1391(b)(1) is appropriate either in Washington State, where Defendant maintains its principal office, or in Concord, CA, located in the Northern District of California, where Defendant maintains an office. Under 28 U.S.C. §1391(b)(2) venue is appropriate (at least) in the Central District of California, the judicial district where Plaintiff received the telephone call and a substantial part of the events occurred.$^{2}$ (Schneider Decl. ¶5). Venue in this district is not appropriate under 28 U.S.C. §1391(b)(3) because venue is otherwise appropriate under 28 U.S.C. §§1391(b)(1) and 1391(b)(2). As venue is not appropriate in this judicial district under the general venue statute, the court dismisses the action without prejudice.

Even if Plaintiff alleged venue pursuant to 28 U.S.C. §1391(d), he would not prevail under the complaint's current allegations. Under the special venue rule for corporations in states with multiple districts, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. §1391(d). Defendant is deemed to reside in any district in which its "contacts" would subject it to personal jurisdiction if that district were a separate state; or, if there is no such judicial district, then it is "deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. §1391(d). Here, there are no allegations, or evidence, that Defendant possesses any contacts with this judicial district. Consequently, 28 U.S.C. §1391(d) is not helpful to Plaintiff.

In sum, the court denies the motion to dismiss for lack of subject matter jurisdiction but grants the motion to dismiss for improper venue. All other motions are denied as moot. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: November 27, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

---

$^{2}$ The court notes that venue would also be appropriate in the judicial district from which the telephone call originated. The parties do not identify the originating location of the telephone call.